UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB LEON MITCHELL,

    Plaintiff,                   CASE No. 2:21-cv-12474

    v.                          UNITED STATES DISTRICT COURT JUDGE
                                  GERSHWIN A. DRAIN

MR. WITT, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**

**I. INTRODUCTION**

Plaintiff Jacob Leon Mitchell is presently confined at the Keen Mountain Correctional Center in Oakwood, Virginia. ECF No. 1, PageID.1. He filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. *Id*. Mr. Mitchell alleges that defendants violated his constitutional rights while he was incarcerated at Keen Mountain Correctional Center. ECF No. 1, PageID.3. For the reasons discussed below, the Court will transfer this matter to the United States District Court for the Western District of Virginia for further proceedings.

## II. Discussion

All of Mr. Mitchell's alleged constitutional violations took place while he was incarcerated at the Keen Mountain Correctional Center in Oakwood, Virginia. That prison is in the Western District of Virginia. Mr. Mitchell remains incarcerated at Keen Mountain Correctional Center. The defendants named in this suit reside in the Western District of Virginia as well.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of

the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

Here, the Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Virginia. The primary factor in making the determination to transfer venue is that all the "operative facts" in this case took place at the Keen Mountain Correctional Center, which is in the Western District of Virginia. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). The defendants all work at this facility. ECF No. 1, PageID.2. Public officials "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 33 Ohio Misc. 137, 472 F. 2d 789, 791 (6th Cir. 1972). When a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's prison, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20–21 (D.D.C. 2003) (quoting *Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974)).

Venue for Mr. Mitchell's lawsuit is not proper in the Eastern District of Michigan because he has not alleged that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,*

15 F. App'x. 213, 215 (6th Cir. 2001).  The Court concludes that proper venue in this § 1983 lawsuit lies in the Western District of Virginia, where Mr. Mitchell alleges that the civil rights violations occurred.  Accordingly, this matter will be transferred to that district for further proceedings.

### III. CONCLUSION

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**.

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  October 27, 2021

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 27, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

!